**PHILLIPS PETROLEUM CO. v. GABLE**
et al. ·
No. 2501.

Circuit Court of Appeals, Tenth Circuit.
June 15, 1912.

George L. Sneed, Jr., of Bartlesville, Okl. (Don Emery and Rayburn L. Foster, both of Bartlesville, Okl., on the brief), for appellant.

Joe N. Shidler, of Tulsa, Okl. (G. Ellis Gable, of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

The Dixie Oil and Gas Company[1] was the owner of 30 per cent of the working interest in an oil and gas well, known as D. Richards No. 2, located in Pottawatomie County, Oklahoma.

On December 21, 1938, the Phillips Petroleum Company[2] entered into a written contract with Dixie whereby Phillips sold to Dixie approximately 4,100 feet of 7-

---

[1] Hereinafter called Dixie.

[2] Hereinafter called Phillips.

inch oil well casing to be used in such well, and whereby Dixie agreed to pay Phillips $1.00 per foot for the casing "out of the first proceeds of one-half of Dixie's present interest in the production from said well." The contract was recorded March 23, 1939, on the records of Pottawatomie County, Oklahoma. On March 10, 1939, Phillips executed a written agreement amending the contract. The amendment fixed $4,126.56 as the amount due for the casing, provided that Dixie should make monthly payments of $1,000.00 each on the fifteenth day of March, April, May, and June, 1939, and $126.56 on July 15, 1939, and waived the right of Phillips to receive the first proceeds of one-half of 30 per cent of the production so long and only so long as such payments should be made and only for the months in which such payments should be made.

Thereafter, Dixie was adjudged a bankrupt. Phillips filed its proof of claim in which it set up the contract and the amendment thereof and alleged that three payments of $1,000.00 each were made by Dixie on March 27, 1939, April 20, 1939, and May 22, 1939, respectively; that there was a balance due of $1,126.56; and that it had a first lien therefor on one-half of 30 per cent of the proceeds from the production from the well.

On December 22, 1939, the Morris Plan Company of Oklahoma[3] loaned Dixie $6,500.00, secured by a mortgage on the lease and an assignment of Dixie's interest in the production from the well. Morris filed its claim therefor.

The referee allowed the Phillips claim for $1,126.56, and awarded it an equitable lien upon one-half of 30 per cent of the production from the well prior to the Morris claim.

On petition to review, the court reversed the order of the referee and allowed the Phillips claim as a general claim. Phillips has appealed.

■ The contract gave Phillips an equitable lien upon one-half of Dixie's 30 per cent interest in the first proceeds from production from the well.[4] The recording of the contract gave Morris constructive notice of the equitable lien,[5] and required it to make reasonable inquiry. Had it done so, it would have discovered the Phillips lien and learned the debt secured thereby had not been fully paid.

■ The effect of the amendment and the payments made thereunder was to release the lien on the proceeds from production for the months of March, April, and May.

The question presented is whether the phrase "first proceeds" limited the lien of Phillips to one-half of the 30 per cent interest in the proceeds of production from the well from the beginning of production until the proceeds from such one-half of 30 per cent equalled the amount due Phillips, or whether the lien attached to one-half of the 30 per cent interest from the beginning of production until the amount due Phillips was fully paid. The amendment of March 10, 1939, clearly indicated that the parties intended the latter, since one-half of 30 per cent of the proceeds from production might have exceeded $1,000.00 in one or more of the specified months.

■ Where the parties to a contract have given it a practical construction by their conduct, such construction is entitled to great weight in determining its proper interpretation.[6]

Two witnesses of long experience in the oil-producing industry testified that the phrase "payable out of the first proceeds" is a provision generally used in contracts in the oil industry and has generally been construed to mean to give a lien from the beginning of production until the indebtedness secured by the lien is fully paid.

A lien on one-half of the 30 per cent interest of the proceeds from production from the beginning of production until such one-half of 30 per cent equalled the amount due Phillips would have afforded Phillips very uncertain security. It would have been subject to the hazard of loss of such proceeds through theft, misappropriation, or disbursement by Dixie to innocent third persons.

■ Where a contract is fairly susceptible of two constructions, one of which makes it fair and customary and such as prudent men would naturally execute, and

3 Hereinafter called Morris.

4 Davis v. Lewis, 187 Okl. 91, 100 P. 2d 994, 995, 996; Stone v. Wright, 10 Cir., 75 F.2d 457, 460.

5 Davis v. Lewis, 187 Okl. 91, 100 P. 2d 994, 996; Stone v. Wright, 10 Cir., 75 F.2d 457, 460.

6 Norton v. Agricultural Bond & Credit Corp., 10 Cir., 92 F.2d 348, 351, 352; Kretni Development Co. v. Consolidated Oil Corp., 10 Cir., 74 F.2d 497, 500.

the other makes it unusual or such as reasonable men would not be likely to enter into, the interpretation which makes it a rational and probable agreement must be preferred.[7]

We conclude that the word "first" was not used for the purpose of limiting the lien, but rather to fix the lien from the beginning of production, upon one-half of 30 per cent of the proceeds derived from production, and that the lien attached to one-half of 30 per cent of the proceeds from production until the claim was paid in full.

The order of the District Court is reversed and the order of the referee is affirmed.

---

[7] Champlin v. Commissioner, 10 Cir., 71 F.2d 23, 28, and cases there cited; Ramsey v. Deepwater Oil Refineries, Inc., 10 Cir., 65 F.2d 931, 933; Pressed Steel Car Co. v. Eastern Ry. Co. of Minnesota, 8 Cir., 121 F. 609, 611.